UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.   9:15-CV-80983-ROSENBERG/HOPKINS

NUTRITIONAL PRODUCTS
INTERNATIONAL, a Florida corporation,

    Plaintiff,

v.

PLATINUM VENTURE GROUP, LLC, a
Utah limited liability company, & JEROME
A. STARKS,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND STAYING CASE**

This matter is before the Court on Defendant Platinum Venture Group, LLC's Motion to Dismiss [DE 20] and Defendant Jerome A. Starks' Motion to Dismiss [DE 22].   Both Motions have been fully briefed.   For the reasons set forth below, both Motions are granted.

Defendant Platinum Venture Group argues that this case should be stayed because the parties have previously agreed to arbitrate and because arbitration has already commenced.   An agreement to arbitrate, dated February 8, 2013, is attached to Plaintiff's Amended Complaint and the agreement is central to Plaintiff's claims—that agreement to arbitrate limits the right of arbitration to the state of Florida.   *See* DE 15-1 at 4.   In furtherance of its Motion to Dismiss, however, Defendant attaches to its Motion a copy of an agreement to arbitrate, dated September 4, 2014, wherein Plaintiff and Defendant agreed to arbitrate in the state of Utah.[1]   DE 20-1 at 24-32.

---

[1] The Court may examine documents outside of the pleadings to evaluate the propriety of a motion to compel arbitration and, notably, Defendant does not contest the authenticity of the agreement to arbitrate attached to Defendant's Motion. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Aronson v. Dean Witter Reynolds, Inc.*, 675 F. Supp. 1324, 1325 (S.D. Fla. 1987).

Plaintiff's *sole* response is that the parties agreed to arbitrate in Florida—not Utah—and the arbitration proceeding that is currently pending in Utah was improperly initiated. Plaintiff's argument is therefore responsive *only* to the agreement to arbitrate attached to its Amended Complaint that was dated February 8, 2013. Plaintiff makes no reference whatsoever to the agreement to arbitrate (in Utah) that was dated September 4, 2014. Because this second agreement to arbitrate was executed after the agreement to arbitrate attached to Plaintiff's Amended Complaint, because Plaintiff has failed to raise any argument in refutation of the applicability of that agreement whatsoever, and because that agreement clearly allows for the parties' claims to be arbitrated in Utah, the Court grants Defendant Platinum Venture Group's Motion to Dismiss insofar as the instant case is stayed pending the outcome of arbitration.

Defendant Jerome Starks argues that he should be dismissed from this case because the Court lacks personal jurisdiction over him. In support of his Motion, Mr. Starks has filed an affidavit disputing that he has any personal connection with the state of Florida. DE 22-1. By filing an affidavit in support of his Motion, Mr. Starks has shifted the burden onto Plaintiff to establish, by affidavit, that the state of Florida has personal jurisdiction over him. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502-03 (Fla. 1989) ("A defendant wishing to contest the allegations of a complaint concerning jurisdiction . . . must file affidavits in support of his position. **The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be contained**.") (emphasis added). In response to Mr. Starks' affidavit, Plaintiff has provided no counter-affidavits. Instead, Plaintiff relies solely upon the argument that its Amended Complaint alleges that Mr. Starks committed tortious acts in the state of Florida.

Upon review of Mr. Starks' affidavit, Mr. Starks does contest that he committed tortious acts in the state of Florida with respect to Plaintiff's slander count against him. With respect to the other

2

two counts brought against Mr. Starks, fraudulent misrepresentation and tortious interference, Mr. Starks' affidavit is silent.  Ultimately, however, the Court concludes that Mr. Starks did not need to file an affidavit contesting those counts because the allegations supporting those counts do not allege a proper basis for personal jurisdiction over Mr. Starks.  The aforementioned counts do not allege that Mr. Starks committed a tortious act *personally* in the state of Florida.  In other words, the allegations in Plaintiff's Amended Complaint merely allege that Mr. Starks performed tortious acts in his capacity as an employee.  Under Florida law, an owner of a corporation or an employee of a corporation is not subject to personal liability in Florida merely because, on behalf of the corporation, he or she transacted business in the state.  *See Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993) ("[A]cts of [a] corporate employee performed in [his] corporate capacity do not form the basis for jurisdiction over [the] corporate employee in his individual capacity.") (citing *Estabrook v. Wetmore*, 529 A.2d 956 (1987)).  This insulation from personal jurisdiction is known as the corporate shield doctrine.  *Doe*, 620 So. 2d at 1006.

Although the corporate shield doctrine does not protect against unlawful Florida-targeted activities of a corporate employee, see *Kitroser v. Hurt*, 85 So. 3d 1084, 1088 n.3 (Fla. 2012), allegations of a personal tortious act must be just that—personal jurisdiction is not established by virtue of a tortious act that is alleged to have been performed by an employee acting in his capacity as an employee.  *See Doe*, 620 So. 2d at 1006 ("[The defendant's] allegedly negligent actions are not alleged to have been taken outside of his duties as [the company's] president and chief executive officer, rather, [plaintiff] alleges that [defendant] was acting within the scope of his employment."). Here, Plaintiff's allegations concern Mr. Starks acting in the scope of his employment:

> In an effort to induce NPI to provide a marketing and sales program for Platinum, Starks made material misrepresentations to NPI.  Starks represented that Platinum had the capacity to fill 100,000 units every month and represented that fulfillment

>would never be an issue.  Starks represented that Platinum owned its own manufacturing facility when in fact Platinum used a third-party manufacturer. Starks represented that Platinum would supply products within retail industry standards with a two-year shelf life.

DE 15 at 1.  As a result of the foregoing, Plaintiff does not allege that it entered business *with Mr. Starks*, instead Plaintiff alleges that it entered into business with Mr. Starks' employer—Platinum Venture Group.  Plaintiff does not allege that Mr. Starks secretly benefited from this transaction or otherwise engaged in a scheme for personal gain, nor does Plaintiff allege that Mr. Starks devised a scheme aimed at defrauding Florida residents or that Mr. Starks breached a personal covenant.  *See Oesterle v. Farish*, 887 So. 2d 412, 415 (Fla. Dist. Ct. App. 2004).  In summary, Plaintiff has had the opportunity to provide counter-affidavits in response to Mr. Starks' affidavit, Plaintiff was required to do so pursuant to *Venetian Salami*, and Plaintiff's failure to provide counter-affidavits is therefore dispositive.  For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that

Defendant Platinum Venture Group, LLC's Motion to Dismiss [DE 20] and Defendant Jerome A. Starks' Motion to Dismiss [DE 22] are both granted.  Mr. Starks is **DISMISSED** from this case because the Court lacks personal jurisdiction over him.  This case is **STAYED** pending the parties' completion of arbitration proceedings.  The Clerk of the Court shall **DENY** all other pending motions **AS MOOT** and **CLOSE** this case.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of November, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record